**Helen M. GANNON, Joseph M. Gannon, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 283-61.**

United States District Court District of Columbia.

April 24, 1964.

James C. Conner, Steptoe & Johnson, Washington, D. C., for plaintiff.

William H. Willcox, Ellen Lee Park, Asst. U. S. Attys., David C. Acheson, U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The above entitled action came before this Court on April 15, 1964, for trial without a jury. After carefully considering the evidence, and oral arguments of counsel, and upon the files and proceedings herein, the Court makes the following

### FINDINGS OF FACT

1. The following undisputed facts as agreed at pretrial are incorporated herein by reference:

On April 20, 1960, at about 1:15 p. m., plaintiff Helen M. Gannon, then 69 years of age, and plaintiff Joseph M. Gannon, her husband, then 73 years of age, were members of the general public viewing the National Gallery of Art. While plaintiff Helen M. Gannon, accompanied by plaintiff husband, was descending the stairway leading from the main floor of the Gallery to the lower floor east of the Constitution Avenue entrance and before she reached the first landing, she fell.

The stairs are and were made of marble. At the time of [female]

plaintiff's fall and now there is a marble balustrade at one side of the stairs and a bronze hand rail on the other side of the stairs.

In addition to the stairways, elevator service is provided for the public and was provided at the time of [female plaintiff's] fall.

2. The National Gallery of Art is under the ownership and control of the defendant.

3. Plaintiffs began to descend the stairway in order to go to the cafeteria. As they proceeded down the stairs, female plaintiff was holding the bannister with her left hand and had her handbag on her right arm, and male plaintiff was holding her right arm—"not a grip on it, but just helping her down." Female plaintiff slipped on the next-to-last stair before reaching the first landing and fell forward on her face. She was described as being obese, weighing approximately 170 pounds, and was wearing bifocal eyeglasses. Her eyeglasses were not broken in the fall.

4. As a result of said fall, female plaintiff sustained undisplaced fracture of the right upper arm; an impacted fracture of the left wrist; and contusion of the right rib cage. Female plaintiff sustained no permanent injuries. She sustained medical expenses of $809.90.

5. The stairway in question is made of smoothed, or honed, marble of a cream-yellow color. The "nosing" (or outer edge of each stair) is rounded, and protrudes about 1⅝ inches beyond the "riser" (or vertical portion of each stair). The "tread" of each stair (the width of each walking surface from front to back) is 1 foot, 4⅛ inches; the "riser" is 6⅛ inches. The "tread" is slightly longer in proportion to the "riser" than is specified in certain General Services Administration recommended (but not required) standards, and is also slightly longer than is recommended by certain architectural "rules of thumb." However, these or similar proportions are used in many public buildings in Washington, D. C., and they tend to pro-duce a grand or "monumental" effect. This monumental effect is architecturally and aesthetically consistent with the dimensions and proportions of the National Gallery of Art, and the stairs are not less safe than stairs which conform exactly to the GSA standards and the architectural "rules of thumb." There are no abrasive-filled grooves in the marble, though such abrasive-filled grooves can be added to marble stairways after they are built; however, marble stairways in many public buildings have no such abrasive-filled grooves, and no regulation requires such grooves. The Court finds that defendant was not negligent in constructing or maintaining the marble stairway described above.

6. There is no contention that the marble stairway was in any way worn or uneven, or that there was any foreign substance on the stairs. No polish or wax was or is used on the stairway. The stairs were constructed in 1939 and 1940; no changes have been made in them since then.

7. Between January 1, 1956, and April 19, 1960, defendant received reports of 15 falls by persons on the stairs in question or on other similar stairways in the National Gallery of Art. During this period over 4,000,000 persons visited the National Gallery of Art. From April 20, 1960 to May 28, 1962, defendant received reports of 12 falls by persons on the stairs in question or on other similar stairways in the National Gallery of Art. During this period over 2,000,000 persons visited the National Gallery of Art. On the two days before the trial, namely April 13 and April 14, 1964, 853 and 1120 persons, respectively, went up the stairs in question; and 718 and 827 persons, respectively, went down the stairs in question.

8. The stairs were and are adequately lighted. The lighting serves sufficiently to differentiate one stair from the next to the ordinary person using the stairs.

9. Female plaintiff fell either because she did not have effective hold of the bannister or because she was not observing the stairs with the care and attention

that she should have used or for both of these reasons.

10. During the trial, the Court reserved rulings on a number of items of evidence offered by plaintiff to study various objections of the Government thereto; but in making the above findings the Court has considered all such evidence offered by plaintiff on which rulings had been reserved.

On the basis of the above FINDINGS OF FACT, the Court makes the following

### . CONCLUSIONS OF LAW

■ 1. Plaintiffs have failed to prove by a fair preponderance of the evidence that defendant was negligent, either in the construction or maintenance of said stairs or in any other respect, or that any alleged negligence of defendant proximately caused female plaintiff to fall.

■ 2. On the whole evidence it has been established by a fair preponderance of the evidence that (assuming *arguendo* that defendant was negligent and that such negligence was a proximate cause of female plaintiff's fall) female plaintiff was contributorily negligent and that her negligence proximately contributed to her fall and resulting injuries, thus barring plaintiffs from recovering.

Wherefore, it is by the Court this 24th day of April, 1964,

Ordered that judgment be and the same is hereby entered for defendant.